WILLIAM TEAL, plaintiff in error, *v.* JOHN B. F. RUSSELL, FRANCIS PEYTON, and JOSIAH E. McCLURE, defendants in error.

### *Error to Cook.*

Where an action is brought against several, and a plea is filed as to one, and the default of the others is entered, it is erroneous to take final judgment against them, until the plea is disposed of. If issue is joined on the plea, the proper course is to call a jury, as well to try the issue joined, as to assess the damages as to those who suffered the default.

A plaintiff may have his own judgment reversed.

Where the defendants in an action stipulate to let judgment go by default, if either of them files a plea, it is a violation of the stipulation, and consequently a nullity, and should be set aside.

JUDGMENT was rendered in this case against McClure and Russell, at the August term, 1840, the Hon. Jesse B. Thomas presiding. The proceedings at the March term were had before the Hon. John Pearson.

J. BUTTERFIELD and E. G. RYAN, for the plaintiff in error.

F. PEYTON and GILES SPRING, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* brought by Teal against Russell, Peyton, and McClure, on a promissory note. Previous to

filing the declaration in this cause, the defendants signed a written agreement, as follows, to wit :

" August term, 1837.

" We do hereby agree to appear in this suit at the next term of this Court, without the issuing or service of process herein, and pray the Court to enter our appearance accordingly ; and we do agree, that the plaintiff's attorneys may docket this cause on the calendar of causes for that term, and file a declaration on the promissory note made by us for $ 562,50 and interest, and enter up judgment thereon during said term, as fully and effectually as if such process had been served, and such declaration and a copy of said note had been duly filed, ten days before the sitting of said Court of said term, dated 28th July, 1837.

" Fr. Peyton,<br>
J. E. McClure,<br>
J. B. F. Russell.·

" In presence of
    E. G. Ryan."

An affidavit was appended to this agreement, made by E. G. Ryan, proving its execution by all the defendants.

At the August term, 1837, of the Circuit Court of Cook county, all the defendants, by their attorneys, appeared and gave the like consent as is contained in said agreement, whereupon, the Court ordered the cause to be docketed, and that the plaintiff have leave to file his declaration, which was accordingly done.    Subsequently to the filing the declaration, and at the same term, to wit, on the fourth day of September, 1837, Peyton, one of the defendants, filed a plea of *non assumpsit.*

On the fifth of September, at the same term, the default of McClure and Russell was entered, and thereupon the Court ordered judgment in favor of the plaintiff, against McClure and Russell.

On the last day of the term, a general order was entered, that all causes not otherwise specially disposed of, stand continued to the next term.

At the March term, 1838, McClure, one of the defendants, and Teal, the plaintiff, on several affidavits, moved the Court to set aside the proceedings in the cause, after the entry of the default of McClure and Russell, and give judgment against all the defendants, pursuant to the agreement signed by the defendants ; which motions of McClure and Teal were respectively overruled ; and the Court thereupon ordered the cause to be stricken from the docket, and that Peyton recover his costs against the plaintiff.

The plaintiff, Teal, asks this Court to reverse, as well the judgment rendered in his favor against McClure and Russell, in conse-

quence of the default, as the judgment rendered against him in favor of the defendant, Peyton.

It was clearly erroneous in the Circuit Court to render a judgment against McClure and Russell, during the pendency of the plea filed by Peyton. If issue had been joined on that plea, the proper course would have been to have sworn a jury, as well to try the issue joined, as to assess the damages, as to those who had suffered the default. Until the plea filed by Peyton was disposed of, no judgment could regularly be entered against the other defendants ; and although the judgment against McClure and Russell was in favor of Teal, yet the law is well settled, that a plaintiff may have his own judgment reversed. (1)

The Supreme Court of the United States, in the case of Capron *v.* Van Nooden, reversed a judgment, at the instance of the plaintiff, where the error consisted of the omissions and irregularities of the plaintiff and his pleadings. We are consequently of opinion, that the Circuit Court should have set aside the judgment entered by default against McClure and Russell. Had the Court corrected the irregularity, the case would then have stood on the docket for judgment against all the defendants, according to the stipulation of the parties, or for trial on the plea of Peyton. According to the decision of this Court, in the case of Foster *v.* Filley, decided June term, 1830, (2) the parties were bound by the stipulation, and consequently, without leave having been obtained from the Court, or cause shown, the plea filed by Peyton was a nullity, and ought to have been set aside as a violation of the written agreement to confess judgment. The judgments below are reversed, and the cause remanded to the Circuit Court, with instructions to render judgment in favor of the plaintiff, on the written confession, but no costs are allowed to either party.

*Judgment reversed.*